# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-20678
Summary Calendar

DANA NEIL LOCKE,

Plaintiff-Appellant,

versus

GARY JOHNSON; JAMAIL, Mr.; HORTON, Mrs.;
SCHRADER, Mrs.; A. PORTER, Mrs.; MOSLEY, Mr.;
LONG, Mr.; GARCIA, Mr.; WILLIAMS, Mrs.;
RODRIGUES, Mr.; BROWN, Mrs.; RAGSDALE, Mr.;
BUTCHER, Mr.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA H 94-3276)

November 30, 1995

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dana Neil Locke appeals the dismissal of his *pro se*, *in forma pauperis*, 42 U.S.C. §

1983 complaint against various officers and employees of the Texas Department of Criminal

Justice-Institutional Division. Finding no abuse of discretion, we affirm.

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Background

Locke and four other Texas prisoners in the Ferguson Unit filed this civil rights complaint[1] alleging that a condition of confinement, CAT III cell restriction, violated their federal and state constitutional rights. CAT III cell restriction is a disciplinary status for inmates who refuse or are unable to report to their assigned jobs. On CAT III, inmates remain in their cells except for one daily shower and one weekly hour of recreation. Locke alleges that he was allowed a shower only two or three times weekly and that, as a result, he suffered from crab lice, jock itch, and persistent colds. He bases his claim that his ailments resulted from the lack of showers on allegations that the unit doctors told him so and because of knowledge he acquired during military service. Locke acknowledges that he received medical care when needed, but he claims that Unit Warden Johnson and Officer Jamail refused to investigate his grievances about the showers and took no action to remedy the problem. Locke also alleges that sometimes there was no soap in the showers, the water temperature on certain occasions was too hot or too cold, and that clean clothing was not provided after showering. Finally, Locke alleges an unidentified employee refused to provide him with first names or initials of the sixteen persons he intended to name in the complaint who denied him permission to shower on at least one occasion.

Analysis

An inmate seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that

---

[1] Locke is the only named plaintiff reflected in the notice of appeal where the caption refers to the plaintiffs as "Dana Neil Locke, et al." Although the notice of appeal states that the plaintiffs appeal, only Locke signed the notice and, accordingly, only he has perfected an appeal. **Fed. R. App. P.** 3(c).

the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.[2]  Section 1915(d) authorizes a federal court to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious."[3]  An action is frivolous if it "lacks an arguable basis in either law or in fact."[4]  We review the district court's dismissal as frivolous under an abuse of discretion standard.[5]

We conclude that the district court did not abuse its discretion in dismissing this complaint.  Locke maintains that the district court erred because the conditions of confinement for CAT III inmates constituted cruel and unusual punishment under the eighth amendment.  This standard requires that prison officials not exhibit deliberate indifference to an inmates' needs.[6]  To establish this deliberate indifference, Locke must show that the defendants (1) were aware of facts from which an inference of an excessive risk to Locke's health or safety could be drawn and (2) drew an inference that such potential for harm existed.[7]  With this standard in mind, it is clear that the district court did not abuse its discretion in finding that Locke's alleged shower privileges did not constitute cruel and unusual punishment under the eighth amendment.  The conditions of confinement may be restrictive and even harsh; that is part of the penalty society may impose for offenses against it.[8]

---

[2]  Hernandez v. Maxwell, 905 F.2d 94 (5th Cir. 1990).

[3]  28 U.S.C. § 1915(d).

[4]  Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

[5]  Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).

[6]  Wilson v. Seiter, 501 U.S. 294 (1991).

[7]  See Farmer v. Brennan, 114 S.Ct. 1970 (1994).

[8]  Rhodes v. Chapman, 452 U.S. 337 (1981).

Locke moves this court for appointment of counsel on appeal. Locke has adequately presented his issues on appeal. Concluding that those issue are without merit, the motion for appointment of counsel is denied.

The dismissal by the district court is AFFIRMED.